**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ARIEL ACOSTA,** | : | **Civil No. 1:20-CV-2234** |
| | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **ERIC BRADLEY,** | : | |
| | : | |
| **Respondent.** | : | |

## MEMORANDUM OPINION

### I.    Statement of Facts and of the Case

The petitioner, a federal prisoner, invites this court to review and revise the sentence credit calculation done by the Federal Bureau of Prisons in his case. Specifically, Acosta seeks credit against his federal sentence for some 17 months and 18 days he spent in custody serving a state sentence while being held in a federal facility awaiting the resolution of his federal case. (Doc. 1). Having conducted this review, we find no error in that calculation, which properly allocates time previously served by Acosta between his various state and federal sentences. Therefore, this petition for writ of habeas corpus will be denied.

In this case, the interplay of state and federal sentences that forms the basis for this sentence credit calculation began on October 19, 2014, when it is alleged that Acosta participated in several robberies. (Doc. 7-1, at 7). On July 5, 2017, Acosta

1

was convicted of two counts of robbery and a separate charge of attempted criminal possession of a controlled substance relating to an August 20, 2016 incident in which it was alleged that Acosta was selling marijuana while awaiting the resolution of his state robbery charges. (Doc. 9-1). Acosta was sentenced that same day by the Bronx County Supreme Court to a two to four-year term of imprisonment on his state robbery charges and a 15-day term of imprisonment on his state drug possession charges. The state court ordered these sentences to run concurrently. (Doc. 7-1, Uniform Sentence & Commitment Attach. B to Ex. 1).

Following these state court convictions, on July 20, 2017, Acosta was transferred to the New York State Department of Corrections to serve state sentences. (Id., Attach. D to Ex. 1). Two weeks later, on August 9, 2017, Acosta was temporarily taken into the custody of the United States Marshals Service pursuant to a writ of habeas corpus *ad prosequendum* to face federal drug trafficking and firearms charges. (Id., Attach. E to Ex. 1). Acosta remained held by federal authorities while serving his state sentences until November 13, 2018, when he was sentenced by the United States District Court for the Southern District of New York to a 160-month term of imprisonment for Conspiracy to Distribute and Possess with Intent to Distribute Crack Cocaine and Unlicensed Dealing in Firearms. (Id., Attach. F to Ex. 1). On January 24, 2019, Acosta was then returned to state custody with a detainer to

2

complete the service of the state sentence. (Id., Attach. E to Ex. 1). Two weeks later, on February 7, 2019, Acosta was paroled from the New York Department of Corrections and was remanded to federal custody to serve his federal sentence. (Id., Attach. G to Ex. 1).

Once he was remanded to federal custody, the Bureau of Prisons computed Acosta's federal sentence credit, finding that his sentence commenced on February 7, 2019, the date he was paroled from the state, with a projected release date of June 18, 2030, with no additional jail time credit. (Id., Attach. H to Ex. 1). In reaching this sentence credit calculation, federal officials determined that the 17 months and 18 days at issue in this case were properly credited to Acosta's state sentence, and therefore could not also be credited against the federal term of imprisonment imposed upon Acosta.

Dissatisfied with this sentence calculation, Acosta filed this petition for writ of habeas corpus. (Doc. 1). In his habeas corpus petition, Acosta argues that he was entitled to credit for some 17 months and 18 days he spent in custody serving a state sentence while being held in a federal facility awaiting the resolution of his federal case. This petition has been briefed by the parties and is now ripe for resolution. For the reasons set forth below, the petition will be denied, since the Bureau of Prisons has accurately calculated the sentence credit that Acosta is entitled to receive on the

facts of this case in accordance with the law that governs such credits.

## II.    Discussion

### A.    This Petition Fails on its Merits.

This petition invites this court to review a sentence credit calculation conducted by the Bureau of Prisons for an inmate who was serving both state and federal sentences. There are two component parts to the legal analysis we are called upon to perform in a case such as this where we examine a BOP sentence credit determination. It is well settled that: "The computation of a federal sentence requires consideration of two separate issues. Initially, we determine the commencement date of the federal sentence and then turn to the extent to which a defendant can receive credit for time spent in custody prior to commencement of sentence." Binford v. United States, 436 F.3d 1252, 1254-55 (10th Cir. 2006). As this Court has aptly observed: "Computing a federal sentence requires two separate determinations: first, when the sentence commences; and, second, to what extent the defendant in question may receive credit for any time already spent in custody." Chambers v. Holland, 920 F. Supp. 618, 621 (M.D. Pa. April 4, 1996) (quoting United States v. Smith, 812 F. Supp. 368, 370 (E.D.N.Y. Jan. 29, 1993) (internal quotations omitted).

Each of these legal determinations, in turn, is made against the backdrop of a specific statutory and regulatory system for calculating credit for time served by

federal prisoners. A key component of this system involves the delegation of authority for initial sentence computations. By law:

> The Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, United States v. Wilson, 503 U.S. 329 (1992) and 18 U.S.C. § 3585, and has delegated that authority to the Director of the Bureau of Prisons. 28 C.F.R. § 0.96 (1992). . . . [Thus], [t]he decision to grant or deny credit for time served prior to the date of sentencing vests initially in the BOP, not the sentencing judge.

Chambers, 920 F. Supp. at 621.

However, as the Supreme Court recognized in United States v. Wilson, 503 U.S. 329 (1992), in calculating credit for time served, the BOP is guided by statute; namely, 18 U.S.C. § 3585, which provides that:

> (a) Commencement of sentence.- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

> (b) Credit for prior custody.- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-

> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585.

This statute and case law construing the statute then guide us in addressing the

two questions that lie at the heart of this habeas petition: first, when did Acosta's sentence commence; and, second, to what extent may Acosta receive credit for any time already spent in custody?

With respect to the first of these questions regarding when Acosta's sentence commenced, it is clear that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody . . . ." 18 U.S.C. § 3585(a). Therefore, as a general rule:

> A federal sentence commences when the defendant is received by the Attorney General for service of his . . . sentence. See 18 U.S.C. § 3585(a). See also United States v. Pungitore, 910 F.2d 1084, 1118-19 (3d Cir.1990). As a result, a federal sentence [typically] cannot begin to run earlier than on the date on which it is imposed. See United States v. Labeille-Soto, 163 F.3d 93, 98 (2d Cir.1998).

Taylor v. Holt, 309 F. App'x 591, 592-93 (3d Cir. 2009). Applying this straightforward guidance in this case, the BOP correctly concluded that Acosta's sentence commenced when he was released on state parole and taken into federal custody.

Section 3585 and case law construing this statute also define for us the answer to the second question we must examine: to what extent may Acosta receive credit for any time already spent in custody against his federal sentence? In this regard, we begin with the proposition that Acosta may not receive "credit for time spent in state custody prior to sentencing in a federal case because 18 U.S.C. § 3585(b) prohibits

this double credit." <u>Taylor</u>, 309 F. App'x at 593 (citing <u>Wilson</u>, 503 U.S. at 337 ).

It is also clear beyond any dispute that a defendant like Acosta, who is serving a state sentence but is taken temporarily from state custody to federal court pursuant to a writ of habeas corpus *ad prosequendum*, does not come into federal "custody" for purposes of calculating prison sentence credit under § 3585. Indeed, courts have repeatedly examined this question and consistently held that temporarily holding a prisoner on a writ does not equate to custody for purposes of calculating sentence credit. <u>See, e.g.</u>, <u>Rashid v. Quintana</u>, No. 09-4079, 2010 WL 1141386 (3d Cir. March 25, 2010); <u>Taylor</u>, 309 F. App'x 591; <u>United States v. Hayes</u>, 535 F.3d 907 (8th Cir. 2008); <u>D'Amario v. Zenk</u>, 131 F. App'x 381 (3d Cir. 2005); <u>Thomas v. Whalen</u>, 962 F.2d 358 (4th Cir. 1992); <u>Chambers</u>, 920 F. Supp. 618; <u>Miller v. United States</u>, 826 F. Supp. 636 (N.D.N.Y. July 19, 1993); <u>United States v. Smith</u>, 812 F. Supp. 368 (E.D.N.Y. Jan. 29, 1993); <u>United States v. Killion</u>, 788 F. Supp. 1165 (D. Kan. March 26, 1992). Accordingly, these cases uniformly reject efforts by federal prisoners to secure jail-time credit for periods in which they were held temporarily in federal court on a federal writ while serving their state sentences. <u>Id.</u> The rationale for this rule, which enjoys broad acceptance by the courts, can be simply stated:

> A federal sentence does not begin to run, . . ., when a defendant is produced for prosecution in federal court pursuant to a federal writ of habeas corpus ad prosequendum. Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only

when the state authorities relinquish the prisoner on satisfaction of the
state obligation. <u>Thomas v. Whalen</u>, 962 F.2d 358, 361 n. 3 (4th Cir.
1992); <u>Hernandez v. United States Attorney General</u>, 689 F.2d 915, 918-
19 (10th Cir. 1982); <u>Roche v. Sizer</u>, 675 F.2d 507, 509-10 (2d Cir.
1982); <u>see also</u> <u>Thomas v. Brewer</u>, 923 F.2d 1361, 1366-67 (9th Cir.
1991) (producing state prisoner under writ of habeas corpus ad
prosequendum does not relinquish state custody); <u>Salley</u>, 786 F.2d at
547-48 (defendant produced and sentenced in federal court via writ of
habeas corpus ad prosequendum did not begin to serve consecutive
federal sentence until delivered into federal custody). This rule derives
from the fact that the federal writ of habeas corpus ad prosequendum
merely loans the prisoner to federal authorities. <u>Whalen</u>, 962 F.2d at 361
n. 3; <u>In re Liberatore</u>, 574 F.2d 78, 79 (2d Cir. 1978); <u>Crawford v.
Jackson</u>, 589 F.2d 693, 695 (D.C. Cir. 1978).

<u>United States v. Smith,</u> 812 F. Supp. 368, 370-71 (E.D.N.Y. 1993).

These basic legal tenets control here, and they compel denial of Acosta's

petition for writ of habeas corpus. In this case, it is undisputed that Acosta

commenced his sentence for the federal drug trafficking and firearms offenses

offense when he was taken into custody to commence service of this sentence. This

is undeniably the correct starting point for Acosta's sentence since, by law, a sentence

"commences on the date the defendant is received in custody. . . ." 18 U.S.C. §

3585(a).

At the time that he was sentenced for this federal offense, Acosta had already

been sentenced in state court. Thus, the 17 months and 18 days that Acosta was held

by federal authorities awaiting the resolution of his federal case were credited against

his state sentence. In effect, Acosta served much of that state sentence while held

federally on a writ of habeas corpus *ad prosequendum* awaiting the resolution of his federal charges. Since Acosta received credit for this time, as credit against his state sentence, he was not entitled to any further credit for this period of imprisonment against his federal jail sentence. Indeed, it is well settled that Acosta may not receive such "credit for time spent in state custody prior to sentencing in a federal case because 18 U.S.C. § 3585(b) prohibits this double credit." Taylor, 309 F. App'x at 593 (citing Wilson, 503 U.S. at 337).

In sum, the sentence credit calculation undertaken in this case paid full fidelity to § 3585's mandate that: "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . ., that has not been credited against another sentence." 18 U.S.C. § 3585(b). Moreover, in reaching this calculation of Acosta's jail-time credit, the BOP closely followed both the spirit and the letter of the law. Consistent with case law, it declined to credit Acosta for time that was already credited against his separate state sentence. Thus, this federal jail-time credit calculation provided Acosta with proper credit for his prior custody while avoiding one of the evils condemned by the Supreme Court in Wilson, since it "made clear that [the] defendant could not receive a double credit for his detention time." Wilson, 503 U.S. at 337.

Accordingly, since the Bureau of Prisons' sentence credit calculation fully

comports with the law and provides Acosta all the credit he is entitled to receive, Acosta's petition for writ of habeas corpus will be denied.[1]

An appropriate order follows.


S/Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge

---

[1] The fact that Acosta attaches to his petition a letter from the sentencing judge written 10 months after his sentencing which "recommends" that he receive credit for some otherwise undefined period of time served does not alter this analysis. On this score, the sentencing court's choice of language has legal significance. While the sentencing judge could doubtless have expressly made some accommodation for the state sentence served by Acosta pursuant to Section 5G1.3 of the Sentencing Guidelines, there is no indication on the record before us that she explicitly followed this course. Instead, Judge Wood merely wrote a letter after the fact recommending some undefined credit for time served. As other courts have done in the past, we view this correspondence as: "merely a non-binding recommendation for the Bureau of Prisons to award credit, if appropriate, under § 3585(b)." Rodriguez-Leon v. Rectenwald, No. 3:13CV1382, 2014 WL 3109242, at *10 (M.D. Pa. July 7, 2014) (citing Blood v. Bledsoe, 648 F.3d 203, 206–07 (3d Cir. 2011) ("We believe that if the Delaware court intended to fashion a sentence that would effectively 'credit' Blood with the disputed time, it would have explicitly granted a downward departure in accordance with § 5G1.3(c) of the United States Sentencing Guidelines."); Bailey v. Nash, 134 F. App'x 503, 506–07 (3d Cir. 2005) (affirming denial of habeas petition where sentencing court did not indicate an intent to have the federal and state sentences run concurrently)).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ARIEL ACOSTA,** | : | **Civil No. 1:20-CV-2234** |
| | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **ERIC BRADLEY,** | : | |
| | : | |
| **Respondent.** | : | |

## ORDER

AND NOW, this 20th day of January 2021, in accordance with the accompanying Memorandum Opinion, IT IS ORDERED that upon consideration of this Petition for Writ of Habeas Corpus, the Petition is DENIED, a certificate of appealability should not issue, and the clerk if directed to close this file.

S/Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge